UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HERMAN R. CANTRELL,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:19-cv-00698-MMD-CLB<br><br>ORDER |

　　　This action began with a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1 ("Complaint").) On November 19, 2020, the Court issued an order dismissing the Complaint with leave to amend and directed Plaintiff Herman Cantrell to file an amended complaint within 30 days. (ECF No. 6 at 10.) The 30-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure

///

to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey a court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint within 30 days expressly stated: "It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies of Plaintiff's Eighth Amendment failure to protect claim and Fourteenth Amendment due process administrative segregation claim, this action will be dismissed with prejudice for failure to state a claim." (ECF No. 6 at 10.) Thus, Plaintiff had adequate warning that dismissal would result from Plaintiff's noncompliance with the Court's order to file an amended complaint within 30 days.

///

///

It is therefore ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's November 19, 2020 order and for failure to state a claim.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff will not be required to pay an initial installment of the filing fee. Even though this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of *Herman R. Cantrell, #81065*, to the Clerk of Court of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of Court is directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of Court is further directed to send a copy of this order to the attention of *Chief of Inmate Services for the Nevada Department of Corrections*, P.O. Box 7011, Carson City, NV 89702.

The Clerk of Court is further directed to enter judgment accordingly and to close this case.

DATED THIS 6th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE